UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case Number: 08-20176
Case Number: 09-50354
Honorable David M. Lawson

FRANK VALLECORSA,

Defendant,

and

BANK OF AMERICA,

Interested party.
______________________________________/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CLARIFY JUDGMENT REGARDING RESTITUTION**

The defendant has filed a motion to clarify the restitution provision of the criminal judgment of sentence entered against him in this case. The motion requires the Court to address the question of priority between the United States's right to the sale proceeds of certain real property and the rights of another judgment creditor, Bank of America, to the same proceeds. The defendant seeks an order declaring that the criminal judgment takes precedence over a writ of garnishment issued by another court to satisfy a civil money judgment obtained against Frank and Lucille Vallecorsa by Bank of America. The property was held in the name of Lucille Vallecorsa, the defendant's wife, and she sold the property for the express purpose of allocating the proceeds to the defendant's restitution obligation in this case. Moreover, the defendant maintains that Mrs. Vallecorsa held title to the real estate as a nominee for the defendant, and the criminal judgment against him establishes priority to the funds in favor of the United States. However, regardless of the resolution of the nominee issue, the Court must find that the United States failed to perfect its judgment creditor's

interest in the property and sale proceeds before Bank of America's judgment creditor's interest attached. Therefore, Bank of America's lien takes precedence, and the sale proceeds cannot be used to pay the defendant's restitution obligation.

I.

The defendant pleaded guilty to embezzling funds from the employee pension plan of his company, American International, Inc., after he wrongfully withdrew approximately $2.8 million between February 2001 and June 2003. On December 17, 2008, this Court sentenced him to one day of imprisonment, followed by three years of supervised release, and ordered him to pay restitution in the amount of $745,694.72. The restitution amount did not include the approximate $1,600,000.00 the defendant took from his own pension account in the plan.

To satisfy part of the defendant's restitution obligation, the defendant's wife Lucille agreed to assign the proceeds of commercial property she held in her own name to a receiver appointed to recover the stolen pension plan funds. Lucille Vallecorsa acquired the property in 1979 by deed from United Trucking Services, Inc. for the stated consideration of $100,000. It has been improved over the years with funds furnished by American International. Frank Vallecorsa contends that Lucille held the property all these years as his nominee because the property was conveyed to Lucille during the Vallecorsa's lengthy marriage so that Frank did not hold everything in his own name. Although that may be true, the nominee status does not affect the priority issue presented for decision.

Lucille had sold the property to Clement and Mariuta Dumitrescu on a land contract signed October 20, 2008. The purchase price was $350,000 to be paid in monthly installments of $3,000 at seven percent interest. A balloon payment of $184,127 is due November 1, 2018. Based on

Lucille's agreement, the Court ordered her to assign the land contract proceeds to the receiver, which she did on March 13, 2009. However, several months earlier, and unbeknownst to the Court, Bank of America had obtained a judgment against Frank and Lucille Vallecorsa on May 9, 2008 in the amount of $579,142.56 for defaulting on the mortgage obligation for their prior residence.

On February 3, 2009, after the Court's entry of the judgment but before Mrs. Vallecorsa reassignment of her rights under the contract, the Bank of America obtained a writ of garnishment against the Dumitrescus, the buyers of the Detroit property under the land contract. That writ was served on the Dumitrescus on March 7, 2009.

Bank of America contends that the assignment of proceeds is invalid for several reasons, but its main contention is that it is a judgment creditor of both Frank and Lucille Vallecorsa, and its judgment has priority over the United States's claim to the fund via the criminal judgment for restitution. The Court is constrained to agree with Bank of America on this point.

II.

Federal law governs the priority of a federal lien against other claims to property. *Aquilino v. United States*, 363 U.S. 509, 513-14 (1960). However, "the task of determining what constitutes a perfected lien is usually governed by state law." *United States v. Dishman Indep. Oil, Inc.*, 46 F.3d 523, 526 (6th Cir. 1995). The general rule with respect to priority is "first in time is the first in right." *United States v. City of New Britain*, 347 U.S. 81, 85-86 (1954).

The government's interest in the disputed funds comes, of course, from the restitution provision in the judgment of sentence. The government may enforce criminal judgments "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). An order of restitution is treated as a "lien in favor of the

United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." *Id.* § 3613(c). "The notice of [the restitution] lien shall be considered a notice of [a tax] lien." *Id*. § 3613(d). Therefore, a lien arising out of one's restitution obligations is treated as if it were a federal tax lien. *United States v. Tyson*, 265 F. Supp. 2d 788, 791 (E.D. Mich. 2003).

The lien arises upon the entry of the judgment. However, to be effective against third parties, the judgment must be recorded in accordance with state law. *Redondo Const. Corp. v. United States*, 157 F.3d 1060, 1062 (6th Cir. 1998) ("The lien arises at the time of assessment and attaches to all after-acquired property, but is valid against a 'judgment lien creditor' only after the IRS files the appropriate notice, *see* 26 U.S.C. § 6323(a), (f)." (internal citations omitted)). If a notice of lien is properly filed "in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986," the lien is "valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor." 18 U.S.C. § 3613(d). For real property, the lien notice must be filed "in one office within the State . . . in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1)(A)(i); 18 U.S.C. § 3613(d). For personal property, the notice must be filed "in one office within the State . . ., as designated by the laws of such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1)(A)(ii). In Michigan, notices of liens against real property must be filed in the register of deeds office in the county where the property is located. Mich. Comp. Laws § 211.663(1)-(2). Liens against personal property must be filed in the register of deeds office in the county where the debtor resides. Mich. Comp. Laws § 211.663(3)(b). In the case of the Vallecorsas, Wayne County is the appropriate county to record lien notices for both personal and real property.

In this case, the government failed to perfect its judgment lien by filing the appropriate notices in the Wayne County Register of Deeds office. However, the Bank of America's claim cannot supersede the government's judgment lien unless the bank's lien is "choate." *Hensley v. Harbin*, 196 F.3d 613, 615 (6th Cir. 1999). "Only competing claims that meet the federal standard of 'choateness' before the federal . . . lien arises can prime a federal . . . lien." *Blachy v. Butcher*, 221 F.3d 896, 905-06 (6th Cir. 2000). A lien created by operation of state law is "choate" only when "'there is nothing more to be done,' i.e., 'when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" *Ibid.* (quoting *City of New Britain*, 347 U.S. at 84). In addition to being "choate," however, a state-created lien must have also "attached" to the property in question before federal lien was perfected. *Redondo Constr. Corp.*, 157 F.3d at 1062-63 (noting that a "properly filed federal tax lien has priority over a competing state-created lien unless the competing lien has 'attached' to the property in question and is 'choate' prior to perfection of federal tax lien"). Once again, Michigan law controls the determination of whether a state lien has "attached." *See Redondo Const. Corp.*, 157 F.3d at 1063 n.4. And under Michigan law, a garnishment lien attaches upon service of the writ, at which point that creditor is treated as a "lien creditor" under the Uniform Commercial Code. *Michigan Tractor & Mach. Co. v. Elsey*, 216 Mich. App. 94, 97, 549 N.W.2d 27, 29-30 (1996).

The chronology of events in this case is summarized as follows:

> May 9, 2008 — Bank of America obtained a judgment against Frank and Lucille Vallecorsa on the default on the mortgage on their primary residence
>
> October 20, 2008 — Mrs. Vallecorsa sold the commercial property to the Dumitrescus on a land contract

> December 17, 2008 — the Court sentenced Mr. Vallecorsa and directed Mrs. Vallecorsa to transfer her interest in the land contract with the Dumitrescus to the receiver
>
> February 3, 2009 — Bank of America procured a writ of garnishment against the Dumitrescus from the Wayne County Circuit Court
>
> March 7, 2009 — the Dumitrescus were served with the writ of garnishment against the
>
> March 13, 2009 — Mrs. Vallecorsa assigned her rights under the land contract to the receiver.

As mentioned above, the government never perfected its judgment lien, so it did not become effective against third parties. In contrast, Bank of America's garnishment lien attached on March 7, 2009, since the writ of garnishment established the identity of the lienor, the property subject to the lien, and the amount of the lien. The lien, therefore was choate as of that date. Lucille did not assign her interest in the land contract proceeds to apply toward the defendant's restitution until March 13, 2009, nearly one week after the Bank of America's choate lien attached to those proceeds.

III.

The United States's restitution lien in the proceeds of the land contract between Mrs. Vallecorsa and the Dumitrescus must accede to Bank of America's superior interest in the proceeds. To the extent that the criminal judgment directs assignment of those proceeds to the receiver, that assignment must be deemed ineffective as against Bank of America. The defendant's motion to clarify the judgment seeking an order that the assignment of the land contract proceeds to the receiver takes precedence over Bank of America's garnishment of the land contract proceeds, therefore, must be denied.

Accordingly, it is **ORDERED** that the defendant's motion to clarify judgment [dkt. #16] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 11, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL